UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 19-cv-24148

| | |
|---|---|
| NATHAN ROSA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HARPERS AIR, INC. | ) |
| a Florida corporation, | )     **COMPLAINT** |
| | ) |
| Defendant. | ) |
| _____ / | |

Plaintiff NATHAN ROSA, through counsel, files this Complaint suing the Defendant HARPERS AIR, INC., a Florida corporation and alleges:

## INTRODUCTION

1. Plaintiff NATHAN ROSA ("ROSA") is a former employee of Defendant HARPERS AIR, INC. ("HARPERS AIR") and brings this action to redress and remedy the termination of his employment because of his obligation to serve as a juror.

## JURISDICTION AND VENUE

2. This action arises under 28 U.S.C. § 1875 and 29 U.S.C. § 201 for which this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1319(b) because the claims arose there.

4. All material acts and occurrences described herein took place in Miami-Dade County, Florida.

5. ROSA is a resident of Miami-Dade County, Florida.

6. HARPERS AIR is a corporation organized and existing under the laws of the State of Florida.

## FACTS

7. ROSA is a former employee of HARPERS AIR where he served as a Service Manager for approximately three (3) years.

8. On November 9, 2017 ROSA was empaneled for Federal Grand Jury service requiring that he appear for service one (1) day a week.

9. Also on November 9, 2017 the Grand Jury Coordinator issued a letter to the employers of all selected jurors explaining that the service would be for an estimated 18 months but could go as long as 24 months.

10. The letter further explained that Title 28 of the United States Code, Section 1875, protects jurors against discharge, intimidation or coercion at work due to their grand jury service.

11. ROSA provided HARPERS AIR with the November 9, 2017 letter from the Grand Jury Coordinator. In response, Terry Harper, the owner of HARPERS AIR made intimidating and coercing statements such as: "Why did you respond? Why didn't you throw away the summons?" and "I am upset that you didn't throw the summons away."

12. HARPERS AIR, through Mr. Harper, continued throughout 2017 to comment on ROSA'S jury service including texting that he was upset that ROSA would be making $2,000.00 from his service, on top of his salary and that HARPERS AIR was not a government entity.

13. On each Monday Mr. Harper would ask and make comments to ROSA saying things such as: "Do you have F***ing jury duty tomorrow?," "I'm not happy" and "I'm not a government entity."

14. Shortly after jury duty commenced, HARPERS AIR reduced ROSA'S job functions and responsibilities.

15. Also not long after jury duty commenced and shortly before ROSA'S employment was terminated, HARPERS AIR hired a new employee with full access to ROSA'S work computer station and full access to his work emails. ROSA was instructed by Mr. Harper to: "show him everything you do and everyone you contact on a daily basis."

16. ROSA had been employed by HARPERS AIR since March 2015 with no write-up or disciplinary action taken. On January 26, 2018, just weeks after his jury duty commenced

HARPERS AIR terminated his employment.

17. ROSA has retained the undersigned law firm and agreed to pay it a reasonable fee for its legal services.

18. All conditions precedent have been satisfied and/or waived.

## COUNT I

### Violation of Section 28 U.S.C. § 1875

19. ROSA adopts by reference ¶¶ 1-18 as if fully set forth herein.

20. At all times material hereto, ROSA was a person who was summoned to serve on a Federal Grand Jury, service which is covered and protected under 28 U.S.C. § 1875.

21. At all times material hereto, HARPERS AIR was an employer of ROSA and had the power to intimidate and coerce ROSA and to dismiss his employment.

22. HARPERS AIR both intimidated and coerced ROSA because of his jury service obligations and when he continued with his jury obligations, HARPERS AIR terminated ROSA'S employment.

23. The termination was willful and/or with reckless disregard for the rights of ROSA.

24. As a result of the termination of employment ROSA lost wages and the other benefits associated with employment. He also suffered humiliation, embarrassment and emotional pain and suffering.

WHEREFORE, ROSA demands judgment against HARPERS AIR for lost wages and benefits associated with his employment, compensatory damages, reinstatement and/or front pay, attorney's fees and costs, civil penalty, and any such other relief this Court deems proper.

## **DEMAND FOR TRIAL BY JURY**

ROSA hereby demands a trial by jury on all issues triable of right by a jury.

/s/Arthur T. Schofield, Esq.
ARTHUR T. SCHOFIELD, P.A.
Via Jardin
330 Clematis Street, Suite 207
West Palm Beach, Florida 33401
(561) 655-4211
Fax: (561) 655-5447
Fla. Bar No. 984434
Schofieldart@aol.com

ATTORNEY FOR PLAINTIFF