UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 19-cv-24148-BLOOM/Louis

NATHAN ROSA,

    Plaintiff,

v.

HARPER'S AIR, INC.,
a Florida corporation,

    Defendant.
_____/

## OMIBUS ORDER ON PLAINTIFF'S MOTION FOR FEES AND COSTS

**THIS CAUSE** is before the Court upon Plaintiff Nathan Rosa's Motion for Attorney's Fees (ECF No. 73) and Motion for Bill of Costs (ECF No. 71). This matter was referred to the undersigned United States Magistrate Judge by the Honorable Beth Bloom, United States District Judge, pursuant to 28 U.S.C. § 636, Local Magistrate Judge Rule 1, and the Parties' consent (ECF No. 11), for final disposition of the Motions (ECF No. 74). Defendant Harper's Air, Inc., filed a Response (ECF No. 84), to which Plaintiff filed a Reply (ECF No. 87). The Court has carefully reviewed the Parties' submissions and is otherwise duly advised in the premises. Upon consideration, Plaintiff's Motions are **GRANTED, in part and DENIED, in part**.

    **I.**    **BACKGROUND**

Plaintiff initiated the underlying action against Defendant, his former employer, pursuant to the Jury System Improvement Act (JSIA), 28 U.S.C. § 1875 (ECF No. 1). After conducting discovery, the parties participated in mediation and ultimately reached a settlement on Plaintiff's claims, leaving open the question of costs and attorney fees for determination by the Court.[1]

---

[1] The parties noticed the settlement on November 2, 2020 (ECF No. 68), after United States District Judge Beth Bloom issued her order granting, in part, Defendant's partial motion for summary judgment on October 29, 2020 (ECF No. 66). In his Motion, Defendant avers that the parties reached an agreement during a mediation session held the day prior to Judge Bloom's summary judgment order, on October 28, 2020 (ECF No. 73 at 4). The parties have not provided a copy of the executed settlement agreement to the Court, but it is apparent from the docket that the parties

Pursuant to the JSIA, Plaintiff's counsel is entitled to expenses reasonably incurred, including attorney's fees; Plaintiff now seeks an award for $60,227.50 in attorneys' fees and $2,770.00 in expenses (ECF No. 73 at 4), as well as $3,292.70 in costs (ECF No. 71). Defendant stipulates that Plaintiff is entitled to "reasonable attorney's fees and costs" (ECF No. 68), but disputes certain fees incurred related to unsuccessful claims and Plaintiff's pre-suit representation by another attorney. Defendant also contests Plaintiff's ability to recover costs related to mediation and certain expert expenses.

Plaintiff has been represented in this suit by attorney Arthur T. Schofield (ECF No. 73-3). Prior to Schofield's representation in this litigation, Plaintiff retained attorney Donna Ballman to represent him in negotiations with Defendant for a potential severance/settlement agreement (ECF No. 73-7). Ballman's engagement letter, attached to Plaintiff's Motion for Fees, states that her representation was limited to "one negotiation" with Defendant and that representation would not include any subsequent litigation (*id.*). Ballman's representation of Plaintiff did not result in any agreement between the parties, and it ended when Defendant stated in June 2019 that it was unwilling to engage in further settlement discussions and was prepared to move forward with litigation (ECF No. 73-1). Nearly four months later, at the end of September 2019, Schofield's representation of Plaintiff commenced (ECF No. 73-3), and the litigation was initiated shortly thereafter.

## II.   MOTION FOR ATTORNEY FEES

Section 1875 permits the award of a "reasonable attorney's fee as part of the costs" to the prevailing party. 28 U.S.C. § 1875(d)(2). A party may be considered a prevailing party pursuant to a settlement. *See Elfast v. BTI Americas, Inc.*, 961 F. Supp. 69, 69-70 (S.D.N.Y. 1997) (noting,

---

attended mediation on October 28, 2020 (ECF No. 65) and, according to the mediator's report filed November 3, 2020, this resulted in a partial settlement (ECF No. 69).

when discussing a § 1875 plaintiff, that the fact "a party may 'prevail' through settlement of litigation is unquestioned" (citing *Maher v. Gagne*, 448 U.S. 122 (1980)); *see also Maher*, 448 U.S. at 129 (holding that the fact a § 1983 plaintiff "prevailed through a settlement rather than through litigation does not weaken her claim to fees" because nothing in § 1988 conditioned the District Court's "power to award fees on full litigation of the issues or on a judicial determination that the plaintiff's rights have been violated").

In assessing the reasonableness of a request for attorney fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Evidence in support of the fee applicant's request requires "sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428. Where the time or fees claimed seem excessive, or there is lack of support for the fees claimed, "the court may make the award on its own experience." *Norman*, 836 F.2d at 1303. When a request for attorney fees is unreasonably high, courts may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board cut. *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3,

2013) (reducing party's fee request with across-the-board cut based upon billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*, 548 F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

    a. <u>Plaintiff's Requested Attorney Fees and Defendant's Objections</u>

Plaintiff seeks $60,227.50 in attorney fees for 138.1 hours of work performed by Schofield and also for 10.5 hours of work performed by Ballman, Plaintiff's first attorney; both attorneys have reduced their actual hours expended to the aforementioned amounts (ECF No. 73 at 4).

Plaintiff seeks an hourly rate of $400 for the work performed by Schofield, noting that this Court, along with a Florida state court, has previously approved his $400 an hour billing rate for the purpose of attorney fee awards and that this is the rate Schofield charges his clients (ECF No. 73 at 8). Plaintiff states that Ballman's hourly rate is $475, in accordance with her experience and expertise, and while her most recent court-awarded rate was at $450 an hour, this award was in 2011, and five years ago she raised her to rate to the current $475 (*Id.* at 8-9). Plaintiff argues further that both rates are reasonable, citing an expert opinion holding as much, along with other fee awards from the Southern District which reflect hourly rates ranging from $250 to $400 (*Id.* at 9-10). Defendant raised no objection to the hourly rates. I find the rate sought for attorney Schofield is reasonable and have used his $400 rate to calculate the fee award herein. Because I have not included any of attorney Ballman's time in the calculation, as explained below, I make no finding as to the reasonableness of her hourly rate.

As noted above, Defendant does not dispute that Plaintiff is the prevailing party and is entitled to reasonable fees under § 1875. Defendant does challenge awards related to the following: (1) any work performed by Ballman or time Schofield spent communicating with

4

Ballman; (2) work related to a theory of recovery based on alleged emotional distress damages suffered by Plaintiff; and (3) work dedicated to the legal theory that jury service only need be a factor rather than the "but-for" cause of the discrimination (ECF No. 84).  Apart from the subject-matter specific objections, Defendant does not otherwise object to the fees sought by Schofield.

    b.  <u>Hours Billed by Donna Ballman</u>

Defendant avers that Ballman is not entitled to attorney fees under § 1875(d) because she secured no settlement or monetary recovery from Defendant, nor did she participate in the instant suit (ECF No. 84 at 3).  Plaintiff, in his Reply, argues that prelitigation fees have been awarded in the context of Title VII and other federal laws and, because "efforts to resolve matters pre-suit are a natural proceeding to any action," Ballman should be awarded fees for her work here (ECF No. 87 at 2).

None of the cases cited by Plaintiff, however, contemplate awarding a fee to pre-suit work performed by a *different attorney* whose representation of the Plaintiff resulted in no agreement between the Parties and which unequivocally ended prior to the commencement of the litigation. The retainer agreement between Plaintiff and Ballman takes pains to note that her representation is limited to negotiation and "does not encompass any suits, appeals, hearings, or administrative proceedings, but applies solely to one negotiation" (*id.*).  Defendant unilaterally terminated negotiations in June 2019 before any settlement or severance agreement was reached (ECF No. 73-1), at which point it is undisputed that Ballman's representation of Plaintiff ended (ECF No. 73-2). Unlike the cases on which Plaintiff now relies, the facts and circumstances here do not support a finding that Ballman's work contributed to the outcome.

Accordingly, I decline to award Ballman attorney fees and have not included in the fee award the 10.5 hours of work attributed to Ballman,  nor have I included the time incurred by attorney Schofield for time spent communicating with Ballman with regard to her fees for this

5

Motion, and time spent revising Plaintiff's Motion for Attorney's Fees to reflect Ballman's information. While Schofield preemptively removed many of his own time entries relating to Ballman from the award sought, just under an hour (.9) remains (ECF No. 73-4 at 11),[2] which, when multiplied by Schofield's $400 hourly fee, comes to a further reduction of $360.00.

### c. Hours Billed for Unsuccessful Legal Theories

Defendant further argues that Plaintiff's fee award should be reduced by any time spent on what it characterizes as frivolous or novel legal theories. Defendant first states that § 1875 does not explicitly permit recovery for emotional distress damages, and all federal courts having contemplated the issue held that it does not, including Judge Bloom in this case, who noted in her summary judgment order that Plaintiff pointed to no caselaw in support of this theory of recovery (ECF No. 84 at 4). Defendant avers that this claim is thus frivolous, as it had "no reasonable chance of success and [could not] be advanced as a reasonable argument to change existing law" (*id*. at 4-5 (citing *Benavides v. Miami Atlanta Airfreight, Inc*., 612 F. Supp. 2d 1236, 1238 (S.D. Fla. 2008))).

Plaintiff, in response, argues the case law on the issue of emotional distress damages under § 1875 is not settled, and, absent controlling law, an award for such damages was not legally foreclosed; moreover, the fact that Plaintiff's argument was unsuccessful is of minimal import because, says Plaintiff, the unsuccessful and successful claims were intertwined, citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983) for support (ECF No. 87 at 3). The Supreme Court in *Hensley* vacated a fee award based on the district court's failure to properly consider the relationship between the § 1983 plaintiff's success and the fee award, noting that the extent of a plaintiff's

---

[2] Defendant also argues that further time should be subtracted related to a September 20, 2019, time entry for 2.0 hours that mentions Ballman. This entry, however, relates to Schofield's initial meeting with Plaintiff, and merely includes *reviewing documents and correspondence from* Ballman. I find this entry appropriately relates to Schofield's work to learn the facts and history of the case, and it is natural that he would need to review materials from the previous counsel. Defendant's objection to inclusion of this time is overruled.

success is a crucial factor in award determinations where a "prevailing plaintiff" succeeded on only some of his claims. 461 U.S. at 434. In such cases, a court would need to consider (1) whether the plaintiff failed to prevail on claims unrelated to the claims on which he succeeded and (2) whether the plaintiff achieved a level of success that would make the "hours reasonably expended a satisfactory basis" for a fee award. *Id*. The Court contemplated, as an example, a case in which a plaintiff might present within one suit "distinctly different claims for relief that are based on different facts and legal theories," but ultimately the Court found "no precise rule or formula" for making such a determination; the overarching point was that the district court, in exercising its discretion, must consider the degree of success in determining whether the expenditure of counsel's time was reasonable. *Id.* at 434-437; *see also Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (finding that it was appropriate to reduce the lodestar amount where the plaintiff was awarded only nominal damages, thereby securing only a "technical" victory in proving a legal violation but suffering no actual damages); *United States v. Everglades Coll., Inc*., 855 F.3d 1279, 1292 (11th Cir. 2017) (holding that the degree of a Plaintiff's success was a proper consideration in determining attorney fee awards even in the context of *qui tam* FCA cases).

Despite the fact that Plaintiff's claim for emotional distress damages arose from the same set of facts, its pursuit relied on a separate, distinct, and ultimately unsuccessful legal theory. Counsel's time diaries reflects that work attributed to this theory is capable of extraction from the JSIA claim, as it merited its own, dedicated section of Plaintiff's Response to the Summary Judgment Motion (ECF No. 57 at 13-16). Judge Bloom further held in her Partial Summary Judgement Order, after noting that Plaintiff cited to no case law in furtherance of his argument on this point, that the "language of the statute is clear" and would not support Plaintiff's claim for emotional distress damages (ECF No. 66 at 13-14). Given the lack of merit, the undersigned therefore concludes that the fee award is unreasonably high to the extent it includes hours billed

to Plaintiff's unsuccessful claim for emotional distress damages and should be reduced consistent with this finding.

Defendant advances no specific proposal for reducing counsel's time to correct for inclusion of time incurred here, arguing instead that the diary entries are insufficient to identify the time attributable to this claim. Plaintiff, by contrast, states that Schofield spent between 2.0 and 2.5 hours addressing Plaintiff's claim for emotional distress damages in his Response to Defendant's Motion for Partial Summary Judgment; indeed, the time records reflect a 2.4 hour time entry in Plaintiff's Statement of Services for "[researching] case law regarding availability of compensatory damages" (ECF No. 73-4 at 9-10). Calculated consistent with the lodestar method, 2.4 hours multiplied by Schofield's $400.00 hourly rate reflects that a reduction of $960.00 is warranted for the unsuccessful pursuit of emotional distress damages.

Defendant secondarily argues that Plaintiff's award should be reduced for time spent advocating his "novel causation standard" (ECF No. 84 at 5). Defendant analogizes Plaintiff's causation argument to his claim for emotional distress damages based on Judge Bloom's rejection of Plaintiff's causation theory in her Order (*id.* (citing ECF No. 66 at 9-10)). *Hensley*, however, considers the success of a Plaintiff's *claims*, and unlike Plaintiff's argument that emotional distress damages were recoverable, Plaintiff's theory of causation is not a separate claim or theory of recovery. Rather, it is intrinsically linked to his fundamental assertion that his jury service was connected to his termination. Defendant does not articulate how Plaintiff's causation theory diminished the success of his fundamental claim for relief, and because it presents no argument or evidence to this effect, reduction of Plaintiff's requested award is not warranted on this point.

### III.   COSTS AND EXPENSES

The next question before the Court is whether Plaintiff is entitled to an award of $3,292.70 in taxable costs and $2,770.00 in other expenses incurred during the course of the litigation. Absent

8

an explicit authorization—either by statute or agreement between the parties—enumerating which costs and expenses are recoverable, 28 U.S.C. § 1920 establishes what a court may award. *Puente v. Carmel at California Club Prop. Owners Ass'n*, No. 18-21376-CV, 2019 WL 3428521, at *1 (S.D. Fla. Apr. 17, 2019) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S.C. 437, 445 (1987)), *report and recommendation adopted sub nom. Puente v. Carmel at California Club Prop. Owners Ass'n, Inc.*, No. 18-CV-21376, 2019 WL 3429132 (S.D. Fla. July 1, 2019). In accordance with the Eleventh Circuit, courts construe § 1920 narrowly. *West v. Zacharzewski*, No. 18-14156-CIV, 2019 WL 2567665, at *1 (S.D. Fla. May 29, 2019) (citing cases).

 a. Costs

Plaintiff, in his Bill of Costs, seeks to tax a total of $3,292.70 in costs, comprised of the following: (1) $400.00 for fees of the Clerk; (2) $200.00 in fees for service of summons and subpoena; and (3) $2,692.70 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case (ECF No. 71). These costs are explicitly contemplated by § 1920, and Defendant raises no objection to these costs. Plaintiff shall recover the full $3,292.70 claimed in his Bill of Costs.

 b. Mediation Expenses

Plaintiff further seeks reimbursement for $1,550.00 in mediation expenses (ECF No. 73 at 14). Defendant objects to the mediation expense, characterizing it as a cost that is not expressly permitted under 28 U.S.C. § 1920 (ECF No. 84 at 5-6). Plaintiff, in its Reply, states that he is *not* seeking reimbursement for mediation expenses under § 1920, but argues that even so, § 1920 does not limit courts to awarding "costs," and they may award "other expenses naturally associated with the action" (ECF No. 87 at 5). Plaintiff's only citation to support the proposition that courts may permit an award for mediation expenses is *Marchisio v. Carrington Mortg. Servs.*, Case No. 14-14011-CIV-MAYNARD, ECF No. 300 (S.D. Fla. July 29, 2020), an order on an omnibus motion

for fees and expenses that included an award for the plaintiffs' expert witness (ECF Nos. 73 at 14; 87 at 5).

In attempting to parse the difference between "expense" versus "cost," Plaintiff's argument here misses the point, and his reliance on *Marchisio* is misplaced. *Marchisio* dealt with alleged violations of both consumer statutes and a settlement agreement between the parties, and while United States Magistrate Judge Maynard permitted the recovery of expert witness fees in *Marchisio* as an expense, she did so because (1) the contract underlying the dispute—the settlement agreement—expressly permitted an "award of reasonable attorneys, fees, expenses, and costs" stemming from a material breach, and (2) the defendant did not object to plaintiff's "request for expenses not otherwise taxable under § 1920 on entitlement grounds." Case No. 14-14011-CIV-MAYNARD, ECF No. 300 at 29-30 (emphasis in original). Judge Maynard's holding relied on the plaintiffs' ability to demonstrate a legal entitlement to recover additional expenses through the settlement agreement, given that the statutes under which the settlement agreement deemed plaintiffs as the "prevailing parties" did not permit the recovery of expenses not otherwise taxable under § 1920. *Id.* at 30.

Plaintiff demonstrates no legal entitlement to mediation expenses here. He offers no support for the argument that § 1875 permits recovery for expenses not otherwise taxable under § 1920, nor evidence that the settlement agreement between the parties would permit it. Plaintiff is consequently limited to those costs contemplated under § 1920, which the Eleventh Circuit has repeatedly held do not include mediation expenses. *See Nicholas v. Allianceone Receivables Mgmt., Inc.*, 450 F. App'x 887, 888 (11th Cir. 2012); *Gary Brown & Assoc., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 845–46 (11th Cir. 2008).[3] Other decisions from this Circuit have held that even

---

[3] *See also Puente*, 2019 WL 3428521, at *2 (finding mediation expenses were not authorized by § 1920); *Tillman v. Advanced Public Safety, Inc.*, 2018 WL 5768570, at *13 (S.D. Fla. Nov. 2, 2018) ("Mediation costs are not recoverable under section 1920."); *Rodriguez v. Super Shine & Detailing, Inc.*, 2012 WL 2119865, at *11 (S.D. Fla.

10

if the discretion *did* exist to tax mediation costs, policy concerns would militate against it—such costs should be shared equally among the parties to incentivize "good faith mediation without financial concerns for the costs of resolving a case." *Garcia v. Caceda*, No. 10-23795-CIV, 2012 WL 4378100, at *5 (S.D. Fla. Sept. 25, 2012) (citing *Rivera Santiago v. Wm. G. Roe & Sons, Inc.*, 2010 WL 2985695, No. 07–CV–1786, at *2 (M.D. Fla. July 28, 2010)). Plaintiff will not recover any portion of the $1,550.00 in mediation expenses sought.

  c. Expert Fee Expenses

Plaintiff also requests $1,220 as reimbursement for Michael Pancier's expert witness fee (ECF No. 73 at 14). Defendant argues this sum should be reduced by $400.00 to exclude time Pancier dedicated to considering Ballman's qualifications (ECF No. 84 at 4). Defendant does not otherwise object to the expense award, and, as is the case with his request for mediation expenses, Plaintiff's Motion simply requests $1,220, citing Pancier's invoice and *Marchisio* as support. Because again Plaintiff has not supported his demand with an alternative statutory[4] or contractual basis for the Court to award expenses arising from expert witness fees, Plaintiff will be limited to the relief contemplated by § 1920, which limits a prevailing party's recovery for expert witnesses to $40.00 per day. *Puente*, 2019 WL 3428521, at *2 (citing *Cronin v. Washington Nat. Ins. Co.*, 980 F.2d 663, 672 (11th Cir. 1993)); *Tillman*, 2018 WL 5768570 at *12 ("Expert witness fees are not recoverable as costs under Section 1920 in excess of the statutory allowable witness fee of $40 per day." (citation omitted)). While typically the $40.00 per diem is contemplated in the context of testimony at trial or deposition, Judge Torres in *Puente* applied the rule to the review and

---

June 11, 2012) ("Court ordered mediation expenses are not awarded in the Eleventh Circuit as they fall outside the parameters of 28 U.S.C § 1920.").
[4] Compare § 1875, for example, with 42 U.S.C. § 1988(c), which explicitly permits the recovery of expert witness fees as part of an attorney fee award. Section 1875 includes no such language.

analysis conducted by the expert at issue, *see* 18-cv-21376-KMW, ECF No. 51-2, which is comparable to the work performed by Pancier here.

Pancier's invoice shows that he spent three separate days working on Plaintiff's fee motion and accompanying declarations; on one of the three days, Pancier devoted his time to submissions from Ballman (ECF No. 73-8). I concur with Defendant that, for the same reason Schofield's time spent speaking with Ballman about her potential fee award must be excluded from his own, Pancier's expenses related to Ballman must be similarly reduced. Plaintiff will therefore be reimbursed for two days of expenses for Pancier's work, totaling $80.00.

## IV. CONCLUSION

Accordingly, after due consideration, it is **ORDERED and ADJUDGED** that Plaintiff's Motion for Attorney Fees (ECF No. 73) and Motion for Bill of Costs (ECF No. 71) are **GRANTED, in part**, and Plaintiff shall recover attorney fees in the amount of **$53,920.00,** and costs and expenses in the amount of **$3,372.70**. For which sums let execution issue.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of April, 2021.

_____
**LAUREN F. LOUIS**
**UNITED STATES MAGISTRATE JUDGE**

cc:     Counsel of Record